UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE No. 5:18-cv-00032-TBR

BOB ANDERSON, Administrator of the
Estate of Charles Christopher McClure,
Deceased, and Next Friend of S.M., B.M.,
And C.M., Minor Daughters of Mr. McClure                                    PLAINTIFF

v.

CITY OF FULTON, KENTUCKY, *et al.,*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Bob Anderson's Motion for Sanctions. [DN 111]. Defendants have responded. [DN 119]. Plaintiff has replied. [DN 120]. Defendants subsequently filed a Motion for Leave to File Sur-Reply. [DN 124]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions [DN 111] is **DENIED**. Defendants' Motion for Leave to File Sur-Reply [DN 124] is **DENIED AS MOOT**.

## I. Discussion

This motion concerns an Affidavit submitted by Defendants. Defendants attached Defendant Powell's Affidavit to their Motion for Summary Judgment. [DN 77-10]. In his Affidavit, Powell stated shards of glass fell on his face when McClure struck the windshield of his vehicle. [*Id.*] Powell also stated he "went to Jackson Purchase Medical Center where [he] was treated for cuts to [his] face. [*Id.*] Defendants filed a form that confirmed Powell was seen at Jackson Purchase Medical Center on January 16, 2017, the day of the incident. [DN 104-2]. However, this form does not show what Powell was treated for. Defendants have since moved to substitute this Affidavit. [DN 18]. In this proposed substitute Affidavit, Powell still claims he

suffered "small cuts" to his face from the shards of glass. [DN 118-1]. However, he concedes his medical records do not reflect him receiving treatment for these cuts. [*Id.*] Plaintiff argues Powell is falsely claiming he was injured by McClure in order to receive a favorable ruling on Defendants' Motion for Summary Judgment. Powell still argues he received cuts to his face, but he might have been "mistaken in his memory that he requested the hospital to treat cuts to his face". [DN 119 at 9]. Plaintiff further argues Powell made this statement with bad faith and Defendants' counsel "knowingly participated in the production and filing of said false Affidavit." [DN 111 at 11].

The Court need not engage in a lengthy analysis of this Motion because the Court did not rely on Powell's Affidavit to decide Defendants' Motion for Summary Judgment. In *Sutton v. U.S. Small Business Administration,* the Plaintiffs argued the district court improperly denied their motion for sanctions for use of an allegedly perjured affidavit under Fed. R. Civ. P. 56(g).[1] 92 Fed. App'x. 112, 117 (6th Cir. 2003). The Court found "[t]he district court did not abuse its discretion when it denied plaintiffs' motion for the imposition of sanctions upon SBA without holding an evidentiary hearing into SBA's bad faith. The district court did not rely on the affidavit in granting SBA's summary judgment motion and, thus, the affidavit, even if submitted in bad faith, did not prejudice plaintiffs." *Id.* at 117-118 (collecting cases).

A sister district court recently considered Fed. R. Civ. P. 56(h). In *Flournoy v. Hemingway,* Plaintiff sought sanctions against Defendant based on two declarations Plaintiff believed were submitted in bad faith. 2020 WL 5878213, *3 (E.D. Mich. Oct. 2, 2020). The court denied the

---

[1] Subdivision (h) carries forward former subdivision (g) with three changes. Sanctions are made discretionary, not mandatory, reflecting the experience that courts seldom invoke the independent Rule 56 authority to impose sanctions. See Cecil & Cort, Federal Judicial Center Memorandum on Federal Rule of Civil Procedure 56(g) Motions for Sanctions (April 2, 2007). In addition, the rule text is expanded to recognize the need to provide notice and a reasonable time to respond. Finally, authority to impose other appropriate sanctions also is recognized. Fed. R. Civ. P. 56

motion for sanctions, in part, because the court "did not rely on the declarations in adjudicating Defendant's motion for summary judgment." *Id.*

Here, even if the Court agreed with Plaintiff's argument that Defendants submitted Powell's affidavit in bad faith, sanctions would not be appropriate. As set forth in the Court's Opinion concerning the Motions for Summary Judgment, the Court did not rely on Powell's Affidavit stating he was injured. Therefore, Plaintiff's motion will be denied.

## II.    Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions [DN 111] is **DENIED**. Defendants' Motion for Leave to File Sur-Reply [DN 124] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

cc: counsel